Louise de l'Aigle Reese, Respondent, v. Algernon B. Reese, Appellant.

Martin, J. (dissenting). The plaintiff seeks a construction of the " first " paragraph of the last will and testament of her husband, Dr. Robert G. Reese, deceased, and an accounting from the defendant by reason of certain provisions contained in the will. The plaintiff is the widow and the defendant is the nephew of Dr. Reese. For many years the deceased had been engaged in the practice of medicine as an eye specialist, with an office at No. 50 West Fifty-second street, New York city. He owned the building and long prior to 1919 he and his wife

occupied a portion thereof as their residence. In 1919 he changed his residence to No. 160 East Sixty-third street but still continued to use the Fifty-second street building for his offices and consultation rooms and living quarters for the caretaker of the building and her family. In July, 1926, the defendant first became actively associated with the testator in the practice of medicine and took up his residence in the house at 50 West Fifty-second street. At the same time the testator came to live with the defendant while the plaintiff was in Europe. They continued to live there and to practice medicine until the death of the testator on October 18, 1926. On October 9, 1926, nine days before his death, the testator executed his last will and testament, in the " first " paragraph of which the following appears: " *First.* I give and bequeath to my nephew, Dr. Algernon B. Reese, the contents of my house at 50 West 52 Street, New York City, my medical practice, the sum of twenty thousand dollars, and all sums for which he may be indebted to me. For five years after my demise my nephew, Algernon B. Reese, shall have the house at 50 West 52 Street, New York City, free of rent. He must pay taxes, interest on mortgage, and upkeep. He shall pay to my beloved wife, Louise del'aigle Reese, 20% of the net proceeds of the practice of medicine until her death." Shortly after the death of the testator controversies arose between the plaintiff and defendant as to the proper construction of the " first " paragraph of the will. On or about December 31, 1927, the defendant prepared and submitted a statement showing his receipts and disbursements in connection with his practice of medicine and offered to pay the plaintiff twenty per cent of the amount shown thereon. The plaintiff refused to accept the statement as correct and refused to accept payment of the amount shown to be due thereby. Statements were submitted annually for 1928, 1929 and 1930, and offers were made to pay to plaintiff the amount shown to be due her. The main question is whether the defendant in arriving at the net profits of the practice of medicine is entitled to deduct from his gross income the amounts paid as taxes, interest on mortgage and upkeep of the house on Fifty-second street. These figures were deducted on the statements shown to plaintiff. The plaintiff contends that under the first article of the will defendant is not entitled to make such deductions. The case was tried at Special Term and a decision rendered in favor of the plaintiff, providing that the defendant may not deduct the sums expended in payment of taxes, interest on mortgage and upkeep of the premises in figuring the " net proceeds " of his practice. An interlocutory judgment was entered providing that plaintiff was entitled to an accounting from defendant. Subsequent to the entry of the interlocutory judgment the attorneys entered into a stipulation providing that certain statements of account attached to the stipulation should constitute the accounting ordered without prejudice to the rights of either party. None of the items ruled out were deducted in the accounting in determining the net proceeds but the amount of these items was determined and agreed upon and set forth in the stipulation and if this court should determine that they are properly deductible a new trial is unnecessary for the accounts may be amended. Pursuant to the terms of the stipulation, a final judgment was entered in favor of plaintiff for the sum of $12,221.80, which included interest and costs, and this appeal is taken from both the final judgment and the interlocutory judgment. The appellant says that under the terms of the will he is entitled to deduct the taxes, interest on mortgage and upkeep of the premises from the gross income to ascertain the net income. He contends that although he lived in the premises

they are essentially a place of business; that the testator intended to confer some benefit on him and to make some inducement to him to continue to conduct the practice of medicine in the building for at least five years, no doubt feeling that that would be the difficult period for the defendant to get started in his profession following the death of the testator. The respondent says that while taxes, interest on mortgage and upkeep may be generally regarded as expenses of a business, they should not be in this case because of the peculiar wording of the will. It must be borne in mind that the requirement of the will was that twenty per cent of the " net proceeds " be paid to the widow. If we approve of the construction already given the will more than twenty per cent of the net proceeds of the defendant's income must be so paid. Assuming that his income was sufficient only to pay the taxes, interest on mortgage and the upkeep of the Fifty-second street house, if he should be compelled to pay twenty per cent of his income he might be compelled to conduct a losing venture. It could never have been intended that twenty per cent of the net proceeds did not carry with it the permission to deduct the necessary expenses in determining the net income or net proceeds. In *Matter of Jones* (103 N. Y. 621) the court said: " By the terms ' residue or net proceeds ' the testator evidently intended to dispose of such portion of the income as should remain after making proper and legitimate deductions for expenses and losses incurred in the management of the estate, and in the conduct of the business which was intrusted to their charge. Any money, therefore, which might be paid out in the course of the business, which was essential to carry it on, would be a necessary and proper charge against the income and profits in determining what amount of the residue or net proceeds remained for distribution among the legatees." By the use of the term " net proceeds " the testator must have intended to permit a deduction of the usual expenses incurred in the practice of medicine. It may be that in this case the amount is sufficiently large to protect the nephew of the testator so that it will not be of great consequence to him. That, however, is not the test. If he should decide not to live at 50 West Fifty-second street, New York city, or was compelled to rent an office and pay the necessary expenses known as the upkeep thereof, he certainly would have the right to deduct such expenses before arriving at what is known as the net proceeds. It seems to us clear from an examination of the " first " paragraph of the will that the sentence relating to the payment of taxes, interest on mortgage and upkeep is an integral part of the provision with respect to the occupancy of the house free of rent and has no relation to the obligation imposed on the defendant to pay to plaintiff twenty per cent of the net proceeds from his practice. The words used must be interpreted as ordinarily understood. They may not be given a strained interpretation on the theory that the testator must have intended something entirely different from that expressed by the language used. He provided that the defendant should have the use of the house for five years free of rent providing he made certain payments, and in view of this provision he apparently did not wish to burden his estate with any expenses relating to the house during that period. In any event, in the absence of an express provision requiring the defendant to pay these sums there would have been a charge on his estate and his executor or trustees would have been required to pay the same. We do not agree with the construction given to the " first " clause of the will. We have reached the conclusion that the twenty per cent of the net proceeds of the income of the nephew of the testator from his medical practice should be paid

after he has deducted, as proper charges against that income, the taxes, interest on mortgage and upkeep of the Fifty-second street house and any expenses necessary in conducting the practice of medicine. The judgment should be modified accordingly, and as so modified affirmed. Finch, P. J., concurs.